# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD DRUMMOND, | No. 3:16-CV-2135 |
| Petitioner, | (Judge Brann) |
| v. | |
| BRENDA TRITT, | |
| Respondent. | |

## MEMORANDUM OPINION

### MARCH 28, 2019

Petitioner, Ronald Drummond, an inmate currently confined in the State Correctional Institution, Frackville, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. Petitioner claims the Pennsylvania Board of Probation and Parole (the Board) violated his due process rights by "relying on factually inaccurate reports and evaluations," arguing that it is "only through vindictiveness that he is repeatedly denied parole." (Doc. 1, petition). The petition is ripe for disposition, and for the following reasons, the Court will deny the petition.

**I.   Background**

On May 31, 2007, Petitioner was sentenced to fifty-four months to nine years of incarceration, after being found guilty of Sexual Assault, 18 Pa.C.S. § 3124.1. (Doc. 10-1 at 2, Sentence Status Summary).

On August 29, 2007, Petitioner was sentenced to eighteen months to five years of incarceration after violating a sentence of probation for Corruption of

Minors, 18 Pa.C.S. § 6301. (*Id.*). On the same date, Petitioner was also sentenced to eighteen months to five years of incarceration for violating a sentence of probation for Indecent Exposure, 18 Pa. C.S. § 3127. (*Id.*).

On December 7, 2007, Petitioner was sentenced to fifty-four months to nine years of incarceration, after being found guilty of Sexual Assault, 18 Pa.C.S. § 3124.1. (*Id.*). Petitioner's minimum sentence expired on September 5, 2013, and his maximum sentence will expire on September 5, 2020. (*Id.*).

Petitioner was denied parole on June 21, 2013, May 7, 2014, April 28, 2015, and September 29, 2016. (Doc. 10-1 at 7 – 14).

On June 21, 2013, the Board denied Drummond parole for the following reasons:

> YOUR CURRENT INVOLVEMENT IN PRESCRIBED INSTITUTIONAL PROGRAMS.
>
> YOUR RISK AND NEEDS ASSESSMENT INDICATING YOUR LEVEL OF RISK TO THE COMMUNITY.
>
> THE NEGATIVE RECOMMENDATION MADE BY THE DEPARTMENT OF CORRECTIONS.
>
> REPORTS, EVALUATIONS AND ASSESSMENTS/LEVEL OF RISK INDICATES YOUR RISK TO THE COMMUNITY.

(*Id.*). On May 7, 2014, the Board's denial was based on the following:

> YOUR RISK AND NEEDS ASSESSMENT INDICATING YOUR LEVEL OF RISK TO THE COMMUNITY.

> REPORTS, EVALUATIONS AND ASSESSMENTS/LEVEL OF
> RISK INDICATES YOUR RISK TO THE COMMUNITY.

(*Id.*). Petitioner was subsequently denied parole on April 28, 2015, for the following reasons:

> YOUR RISK AND NEEDS ASSESSMENT INDICATING YOUR
> LEVEL OF RISK TO THE COMMUNITY.
>
> REPORTS, EVALUATIONS AND ASSESSMENTS/LEVEL OF
> RISK INDICATES YOUR RISK TO THE COMMUNITY.
>
> YOUR MINIMIZATION/DENIAL OF THE NATURE AND
> CIRCUMSTANCES OF THE OFFENSE(S) COMMITTED.
>
> YOUR LACK OF REMORSE FOR THE OFFENSE(S)
> COMMITTED.

(*Id.*). The reasons for the Board's denial in their most recent decision, September 29, 2016, include the following:

> YOUR RISK AND NEEDS ASSESSMENT INDICATING YOUR
> LEVEL OF RISK TO THE COMMUNITY.
>
> REPORTS, EVALUATIONS AND ASSESSMENTS/LEVEL OF
> RISK INDICATES YOUR RISK TO THE COMMUNITY.

(*Id.*). Petitioner was informed that he would be reviewed again for parole, on, or after September 2017, and at that time, after the reviewing Petitioner's file, the Board would consider whether Petitioner maintained a favorable recommendation for parole from the Department of Corrections and whether Petitioner maintained a clear conduct record. (*Id.*)

Petitioner filed the above captioned action, asserting that the Board's decisions to deny him parole are arbitrary and capricious, since "in 2013 through 2016, the Board supported its reparole denial by pointing to two factors referencing the Petitioner's risk assessments, even though his most recent LSI-R score was in the low moderate range" and "his RST score placed the Petitioner in the low range." (Doc. 2 at 7). Petitioner claims that he has "complied with all of the Board's mandates to be eligible for parole prior to each interview, and it [is] only through vindictiveness that he is repeatedly denied parole." (Doc. 2 at 6). For relief, Petitioner seeks "immediate parole." (Doc. 1 at 14).

## II.   Discussion

### A.   Exhaustion

The federal habeas statute typically "requires that prisoners exhaust their claims in state court before seeking relief in federal courts." *Slutzker v. Johnson*, 393 F.3d 373, 379 (3d Cir. 2004) (citing to 28 U.S.C. § 2254(b)(1)(A)). In *Defoy v. McCullough*, 393 F.3d 439. 445 (3d Cir. 2005), the United States Court of Appeals for the Third Circuit held that, aside from litigating an *ex post facto* claim, Pennsylvania law does not provide a mechanism by which a prisoner can challenge a parole denial. *See also Roman v. DiGuglielmo*, 675 F.3d 204, 209 (3d Cir. 2012) ("[T]he State argues that *Defoy* no longer controls because Commonwealth Courts since that decision have adjudicated mandamus actions involving parole denials by

the Board and have considered constitutional claims other than *ex post facto* claims.... [T]o the extent there has been any shift in Pennsylvania law, we cannot comfortable say that it is clear enough to alter our decision in *Defoy*.") Therefore, the Petitioner may be exempt from the exhaustion requirement with respect to all of his claims. However, because a federal court "may bypass the exhaustion issue altogether should [it] decide that the petitioner's habeas claim fails on the merits[,]" and since the Petitioner's claims plainly have no merit, this Court "need not address the issue of exhaustion" with respect to his claims. *Roman*, 675 F.3d at 209 (citing, *inter alia*, 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.")).

**B.** **Merits**

It is well-settled that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979). Further, the existence of a state parole system alone does not create a constitutionally-protected interest. *Board of Pardons v. Allen*, 482 U.S. 369, 373 (1987); instead a liberty interest for purposes of parole would only arise if the state code requires a parole board to make its decision based upon the existence or absence of a particular factor.

The Pennsylvania Probation and Parole Act does not grant Pennsylvania state prisoners any constitutionally-protected liberty interest in being released on parole or reparole prior to the expiration of their maximum terms.[1] Pennsylvania law unambiguously provides that a prisoner is not entitled to release from prison until the expiration of his maximum sentence.[2] Nothing in the Pennsylvania Parole Act (or any other provision of Pennsylvania law) requires the Board to release a prisoner on parole prior to the expiration of his maximum term. The Board has complete discretion to determine whether an inmate is sufficiently rehabilitated such that he will be permitted to serve the remainder of his sentence outside the prison walls on parole. Although a prisoner is eligible for parole at the end of his

---

[1] *See, e.g.*, *McFadden v. Lehman*, 968 F. Supp. 1001, 1004 (M.D. Pa. 1997) (Pennsylvania has not created an enforceable liberty interest in parole, rehabilitative pre-release programs, or in therapy programs); *Rodgers v. Parole Agent SCI–Frackville*, Wech, 916 F. Supp. 474, 476 (E.D. Pa. 1996); *McCrery v. Mark*, 823 F. Supp. 288 (E.D. Pa. 1993); *Rogers v. Pennsylvania Bd. of Probation and Parole*, 555 Pa. 285, 724 A.2d 319 (1999) (holding that the grant of parole for Pennsylvania prisoners is nothing more than a possibility; it merely constitutes a favor granted by the state as a matter of grace and mercy); *Tubbs v. Pennsylvania Bd. of Probation and Parole*, 152 Pa. Cmwlth. 627, 620 A.2d 584, 586 (Pa. Commw. Ct. 1993) ("it is well settled under Pennsylvania law that a prisoner has no constitutionally protected liberty interest in being released from confinement prior to the expiration of his sentenced maximum term ... the [Board] makes each decision on a case by case basis, and prisoners have no guarantees that parole will ever be granted"), *appeal denied*, 536 Pa. 635, 637 A.2d 295 (Pa. 1993).

[2] A prisoner's sentence is his maximum term. *Krantz v. Pennsylvania Bd. of Probation & Parole*, 86 Pa. Commw, 38, 41, 483 A.2d 1044, 1047 (1984). The significance of the minimum sentence is that it establishes a parole eligibility date; the only "right" that can be asserted upon serving a minimum sentence is the "right" to apply for parole and to have that application duly considered by the Board. *Id.*

minimum term, nothing in Pennsylvania law or the United States Constitution requires a prisoner to be released at such time.[3] However, the Third Circuit has held that:

> [E]ven if a state statute does not give rise to a liberty interest in parole release under *Greenholtz*, once a state institutes a parole system all prisoners have a liberty interest flowing directly from the due process clause in not being denied parole for arbitrary or constitutionally impermissible reasons.

*Block v. Potter*, 631 F.2d 233, 236 (3d Cir. 1980). Accordingly, even where a state statute grants discretion to the state parole board to condition or completely deny parole, it may not permit "totally arbitrary parole decisions founded on impermissible criteria." *Id.* Consequently, a federal court may review a decision by a state parole board for an abuse of discretion. *Id.* Upon such review, relief will only be available if an applicant can show that parole was arbitrarily denied based on some impermissible reason such as "race, religion, or political beliefs," or that the parole board made its determination based on "frivolous criteria with no rational relationship to the purpose of parole...." *Id.* at 236 n.2.

In *Morrissey v. Brewer*, 408 U.S. 471 (1972), the United States Supreme Court addressed a habeas petition filed by a state inmate who alleged that he had not received due process during parole revocation procedures. The Court

---

[3] The existence of a state parole system alone does not create a constitutionally-protected interest. *Board of Pardons v. Allen*, 482 U.S. 369, 373 (1987).

- 7 -

recognized that a federal court should not upset a decision of a state parole board unless the determination is based on constitutionally impermissible reasons such as race, religion, or ethnicity or rendered in the absence of the following due process protections:

> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinder as to the evidence relied on and reasons for revoking parole.

*Id*. at 488-89.

Here, Drummond does not allege that he was denied parole based on his race, religion or ethnicity. As previously noted, it has been repeatedly recognized that Pennsylvania state law does not confer its inmates with a legally protected interest in parole eligibility. Consequently, it cannot be concluded that the Board's decisions to deny Drummond parole was based on constitutionally impermissible reasons. To the contrary, the reasons cited are factors that the Board was statutorily required to consider in accordance with the Prisons and Parole Code at 61 Pa C.S. § 6135. Those statutory factors include: Petitioner's minimization/denial of the nature and circumstances of the offenses committed, lack of remorse for the

- 8 -

offenses committed, as well as reports, evaluations and assessment/level of risk indicating Petitioner is a risk to the community. *Id.*

To the extent that Drummond attempts to raise an equal protection claim[4] by arguing that he was denied parole even though he meets the same criteria satisfied by the prisoner in *Barnes v. Wenerowicz*, 280 F.R.D. 206 (E.D. Pa. 2012), his argument lacks merit. Drummond argues that Barnes was granted parole because of his acceptance for the offense(s) committed, the recommendation made by the Department of Corrections, his participation in and completion of prescribed institutional programs, and his reported institutional behavior. (Doc. 2, memorandum in support of petition). He claims that Barnes' criminal and institutional history outweighed his own and that he has the same accomplishments which were used to grant Barnes parole on two separate occasions. (*Id.*)

The Court notes, however, that in *Barnes*, the Eastern District found that the Board had improperly penalized the prisoner with a shocking pattern of arbitrary and irrational expectations, requirements, and parole denials, for failing to accept responsibility for a crime for which he had been acquitted. That is entirely different than the instant case where Drummond is not being required to admit guilt or

---

[4] A petitioner who alleges a violation of equal protection has the burden of proving purposeful discrimination. *McCleskey v. Kemp*, 481 U.S. 279, 292 (1987). "A plaintiff must show intentional discrimination because of the membership in a particular class, not merely that he was treated unfairly as an individual." *Id.*

accept responsibility for a crime of which he was acquitted in order to be paroled. Rather, the Board is denying Drummond parole based on his risk to the community, arising from an offense for which he was convicted, resulting in the sentence from which he wishes to be paroled. As such, he has failed to establish: 1) that the Board intentionally discriminated between he and any other inmate who could be considered "similarly situated," *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1478 (3d Cir. 1990), or 2) that there was an insufficient basis for the differential treatment. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Consequently, Drummond fails to prove an equal protection violation, and his petition for writ of habeas corpus will be denied.

### III. <u>Certificate of Appealability</u>

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a District Court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." Where the District Court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying that standard

here, jurists of reason would not find it debatable whether Petitioner's claims should be denied. Accordingly, a certificate of appealability is denied.

## IV. Conclusion

Based on the foregoing discussion, the Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge